FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUL 25  AM 11: 13

LORETTA G. WHYTE
    CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR JOHNSON, JR.                              CIVIL ACTION

VERSUS                                           NO. 05-2991

DEPUTY ALISON DUGAS, ET AL.                      SECTION "A" (1)

## REPORT AND RECOMMENDATION

Plaintiff, Arthur Johnson, Jr., a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Deputies Alison Dugas and D. Desalvo. Plaintiff claims that he has been unlawfully arrested and detained.

Plaintiff filed this lawsuit *in forma pauperis*. An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

___ Fee_____
___ Process___
_X_ Dktd_____
_√_ CtRmDep__
___ Doc. No___

Construing plaintiff's complaint broadly,[1] the Court finds that the complaint should be dismissed as malicious.

By filing the instant lawsuit, plaintiff is attempting to relitigate claims which were dismissed with prejudice in <u>Arthur Johnson, Jr. v. Criminal Sheriff Dept., et al.</u>, Civil Action No. 05–0185 "R"(4).[2] That lawsuit was initiated when plaintiff filed a complaint in the United States District Court for the Middle District of Louisiana on January 14, 2005, suing the Jefferson Parish Sheriff's Office, Sheriff Harry Lee, "A. Dugas," and "D. Desalvo." In his written complaint in that lawsuit, plaintiff asserted claims for false arrest and false imprisonment, stating his claims as follows:

> [O]n the night of July 25, 2003 I was stop and arested by Jeffeson Parish Police Officer's why'll walking home (8) eight house's away from my house J.P. Officer A. Dugas arrested me by putting me up agaist her police car on 7-25-03 and excord me too Jefferson, Parish Jail for booking Trial on March 2, 2004 my case on R.S. 14:62.3 and R.S. 14:37 was dismissed all charge's.

On January 18, 2005, the civil action was transferred to this Court, where it was subsequently allotted to United States District Judge Sarah Vance and United States Magistrate Judge Karen Wells Roby. On March 22, 2005, Magistrate Judge Roby held a <u>Spears</u> hearing. See <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). On May 13, 2005, based on the complaint and <u>Spears</u> hearing testimony, Magistrate Judge Roby issued a report recommending that plaintiff's claims be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted. On May 27,

---

[1] The court must liberally construe a *pro se* civil rights complaint. See <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

[2] "A court may take judicial notice of related proceedings and records in cases before the same court." <u>MacMillan Bloedel Ltd. v. Flintkote Co.</u>, 760 F.2d 580, 587 (5th Cir. 1985).

2005, plaintiff filed an objection to that Report and Recommendation. On June 16, 2005, after conducting a *de novo* review, Judge Vance adopted Magistrate Judge Roby's recommendation and dismissed plaintiff's complaint with prejudice. On June 23, 2005, Judge Vance signed the judgment dismissing plaintiff's claims as frivolous and otherwise for failure to state a claim for which relief can be granted.

Plaintiff now files the instant lawsuit, again suing Deputies Dugas and Desalvo on the identical claims asserted in Civil Action No. 05-0185. Such a tactic is not allowed. Repetitious litigation should be dismissed as malicious when the plaintiff is asserting virtually identical causes of action as were asserted by him in a pending or previous lawsuit. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993). In this instance, plaintiff has been afforded full review of his claims by a United States Magistrate Judge, who conducted a Spears hearing, and by a United States District Judge, who reviewed the matter *de novo*. He is not entitled to further review of the same claims by a different Magistrate Judge and District Judge. If plaintiff felt that Judge Vance erred in dismissing his claims, his recourse was to file an appeal, not a new lawsuit asserting the same claims.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of July, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE